**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ASHLEY A. PRIDE, : | |
| : | CIVIL ACTION |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| CARL DANBERG, et al., : | NO. 08-848-RK |
| : | |
| Defendants. : | |
| : | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                              **January 22, 2009**

Plaintiff Ashley A. Pride ("Pride"), a former inmate at the Delores J. Baylor Women's Correctional Institution ("BWCI"), New Castle, Delaware, filed a pro se Civil Right Complaint pursuant to 42 U.S.C. § 1983 alleging violations of her constitutional rights. She has been granted leave to proceed without prepayment of fees. We review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the claims against Defendants Delaware Department of Correction Commissioner ("DOC") Cark Danberg ("Commissioner Danberg"), BWCI Warden Patrick Ryan ("Warden Ryan"), Captain Douglas Repetti ("Repetti"), Captain Lesma Jones "(Jones"), BWCI, Correctional Medical Services, Inc. ("CMS"), Dr. Sachre ("Dr. Sachre"), Dr. Wallace ("Dr. Wallace") and CMS Administrator Carolyn ("Carolyn") are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).   Pride may proceed against Defendants Captain Valerie


Snead ("Snead"), C/O Hopkins ("Hopkins"), C/O Harman ("Harman'), C/O Daniels ("Daniels"), Lt. Fields ("Fields"), Cpl. Woodson ("Woodson"), C/O Mathis ("Mathis"), and C/O Lebran ("Lebran").

## I. BACKGROUND

Pride, was incarcerated at BWCI, and released around the time that she filed her Complaint. Pride alleges that several defendants violated her constitutional rights by reason of excessive force on three separate occasions: August 21, 2008, September 20, 2008, and September 27, 2008. Pride alleges that Warden Ryan was made aware of the occurrences and investigated the actions of three corrections officers, but took no action. She alleges that Commissioner Danberg did not respond to her letters. Repetti, Jones, CMS, Dr. Sachre, Dr. Wallace, and Carolyn are named as Defendants, but the Complaint contains no allegations against them.

## II. LEGAL STANDARD

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § § 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on 12(b)(6)

motions. Courteau v. United States, 287 Fed. Appx. 159, 162 (3d Cir. 2008); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000); Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). We must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted).

     Pride is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." Id. (citing Twombly, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id. at 235 (quoting Twombly, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the

pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. at 234. Because Pride proceeds pro se, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 127 S.Ct. at 2200 (citations omitted).

### III. DISCUSSION

#### A. Personal Involvement

Initially we note that, other than to name them as Defendants, the Complaint contains no allegations directed towards Defendants Repetti, Jones, CMS, Dr. Sachre, Dr. Wallace, or Carolyn. A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980); Hall v. Pennsylvania State Police, 570 F.2d 86, 89 (3d Cir. 1978)). Additionally, when bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

The Complaint fails to provide a hint of how the foregoing Defendants may have violated Pride's constitutional rights. Accordingly, any claims against them dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

#### B. Eleventh Amendment Immunity

Pride was incarcerated at BWCI and she has named the institution as a Defendant. BWCI falls under the umbrella of the DOC, an agency of the State of Delaware. The Eleventh Amendment protects states and their agencies and departments from suit in federal court

regardless of the kind of relief sought.  Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).  Moreover, state correctional institutions are arms of the state and not persons subject to liability under § 1983.  See Green v. Howard R. Young Corr. Inst., 229 F.R.D. 99, 102 (D. Del. 2005).  The State has not waived its immunity from suit in federal court, and although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983.  Brooks-McCollum v. Delaware, 213 Fed. Appx. 92, 94 (3d Cir. 2007) (citations omitted).  Consequently, Pride's claim against BWCI has no arguable basis in law or in fact and, therefore, it is frivolous and is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**C.  Respondeat Superior**

Finally, the Complaint names as defendants DOC Commissioner Danberg and Warden Ryan, apparently based upon the supervisory positions they hold.  As is well established, supervisory liability cannot be imposed under § 1983 on a respondeat superior theory.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'"  Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Personal involvement can be shown through allegations that a defendant directed, had actual knowledge of, or acquiesced in, the deprivation of a plaintiff's constitutional rights.  Id.; see Monell v. Department of Social Services, 436 U.S. 658, 694-95 (1978).  Supervisory liability may attach if the supervisor implemented deficient policies and was deliberately indifferent to the resulting risk or the supervisor's actions and

inactions were "the moving force" behind the harm suffered by the plaintiff. Sample v. Diecks, 885 F.2d 1099, 1117-118 (3d Cir. 1989); see also City of Canton v. Harris, 489 U.S. 378 (1989); Heggenmiller v. Edna Mahan Corr. Inst. for Women, 128 Fed. Appx. 240 (3d Cir. 2005).

Pride alleges that Warden Ryan became aware of the attacks after the fact, instituted an investigation, but took no other action. She alleges that Commissioner Danberg did not respond to her letters. However, any participation by Defendants in the after-the-fact review of Pride's complaints is not enough to establish personal involvement. See, e.g., Brooks v. Beard, 167 Fed. Appx. 923, 925 (3d Cir. 2006) (allegations that prison officials and administrators responded inappropriately to inmate's later-filed grievances do not establish the involvement of those officials and administrators in the underlying deprivation). See also Cole v. Sobina, Civ. No. 04-99J, 2007 WL 4460617 (W.D. Pa. Dec. 19, 2007); Ramos v. Pennsylvania Dep't of Corr., Civ. No. 06-1444, 2006 WL 2129148 (M.D. Pa. July 27, 2006); Jefferson v. Wolfe, Civ. No. 04-44 ERIE, 2006 WL 1947721 (W.D. Pa. July 11, 2006); Cf. Wilson v. Horn, 971 F. Supp. 943, 947 (E.D. Pa. 1997), aff'd, 142 F.3d 430 (3d Cir. 1998) (prison officials' failure to respond to inmate's grievance does not state a constitutional claim).

Additionally, there is nothing in the Complaint to indicate that Defendants were the "driving force [behind]" the Pride's alleged constitutional violations. Moreover, the Complaint does not indicate that Warden Ryan was aware of Pride's' allegations and remained "deliberately indifferent" to their plight. *Sample v. Diecks*, 885 F.2d at 1118. Indeed, he investigated the complaints, albeit not to Pride's liking. Accordingly, the claims have no arguable basis in law or in fact. For the above reasons, the claims against Commissioner Danberg and Warden Ryan are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## IV.     CONCLUSION

The claims against Defendants Commissioner Carl Danberg, Warden Patrick Ryan, Captain Douglas Repetti, Captain Lesma Jones, Delores J. Baylor Women's Correctional Institution, Correctional Medical Services, Inc., Dr. Sachre, Dr. Wallace, and CMS Administrator Carolyn are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Pride may proceed with the excessive force claims against Defendants Captain Valerie Snead, C/O Hopkins, C/O Harman, C/O Daniels, Lt. Fields, Cpl. Woodson, C/O Mathis, and C/O Lebran.

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ASHLEY A. PRIDE, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CARL DANBERG, et al., | : | NO. 08-848-RK |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER**

**AND NOW**, this 22nd day of January, 2009 for the reasons set forth in the Memorandum issued this date, it is hereby **ORDERED** that:

1. The Clerk of the Court shall cause a copy of this order to be mailed to Plaintiff.

2. The claims against Defendants Commissioner Carl Danberg, Warden Patrick Ryan, Captain Douglas Repetti, Captain Lesma Jones, Delores J. Baylor Women's Correctional Institution, Correctional Medical Services, Inc., Dr. Sachre, Dr. Wallace, and CMS Administrator Carolyn are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). They are **DISMISSED** as Defendants.

3. The Court has identified what appear to be cognizable excessive force claims within the meaning of 28 U.S.C. § 1915A against remaining Defendants Captain Valerie Snead, C/O Hopkins, C/O Harman, C/O Daniels, Lt. Fields, Cpl. Woodson, C/O Mathis, and C/O Lebran. Plaintiff is allowed to **PROCEED** against these Defendants.

It is further **ORDERED** that:

1.  Pursuant to Fed. R. Civ. P. 4(c)(3) and (d)(1), the plaintiff shall complete and return to the Clerk of the Court an **original** "U.S. Marshal-285" form for **remaining Defendants Captain Valerie Snead, C/O Hopkins, C/O Harman, C/O Daniels, Lt. Fields, Cpl. Woodson, C/O Mathis, and C/O Lebran,** as well as for the **Chief Deputy Attorney General** of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(c). **Additionally, Plaintiff shall provide the court with one copy of the Complaint (D.I. 2) for service upon each remaining Defendant and the Chief Deputy Attorney General.** Plaintiff is notified that the United States Marshal will not serve the Complaint until all "U.S. Marshal 285" forms, copies of the Complaints have been received by the Clerk of the Court. **Failure to provide the "U.S. Marshal 285" forms and copies of the Complaint for each remaining defendant and the Chief Deputy Attorney General within 120 days of this Order may result in the Complaint being dismissed or remaining Defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

2.  Upon receipt of the form(s) required by paragraph 1 above, the United States Marshal shall forthwith serve a copy of the Complaint, this Order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon each of the Defendants so identified in the USM-285 forms.

3.  Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said Defendant(s) and said Defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver pursuant to Fed. R. Civ. P. 4(d)(1) and (2).

4. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the Complaint within **sixty (60) days** from the date upon which the Complaint, this Order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

5. No communication, including pleadings, briefs, statement of position, etc., will be considered by the Court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

6. **NOTE:** *** When an amended complaint is filed prior to service, the Court will **VACATE** all previous Service Orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). ***

7. **Note:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

                                        BY THE COURT:

                                        /s/ Robert F. Kelly
                                        ROBERT F. KELLY
                                        SENIOR JUDGE